# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 10 2003

LUTHER D. THOMAS, Clerk
By:
                Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHN ARNOLD, *et al.*,                    )
                                          )
    Plaintiffs,                       )
                                          )     CIVIL ACTION FILE
vs.                                       )
                                          )     NO. **1:03 CV 0087**
RAYMOND S. BUNN, *et al.*,                )
                                          )
    Defendants.                       )

### NOTICE OF REMOVAL

COME NOW the undersigned attorneys for Defendants City of Atlanta and

Richard Pennington (hereinafter "Defendants"), pursuant to 28 U.S.C. §§ 1441 and

1446 (a) and (b), and file this Notice of Removal of this action from the State Court

of Fulton County, Georgia, wherein it is now pending, to the United States District

Court for the Northern District of Georgia, Atlanta Division, and show the Court as

follows:

1.

The above-styled action was filed in the State Court of Fulton County,

Georgia, Civil Action File Number 02VS042431-H on December 11, 2002. True and

correct copies of each summons and the Complaint served upon Defendants are

attached hereto.   No further pleadings have been filed and no orders have been

entered in the case.

FORMS RECEIVED
Consent To US Mag.  ✓
Pretrial Instructions  ✓
Title VII NIC

2.

This is a civil action in which Plaintiffs seek compensatory and exemplary damages against Defendants.  Plaintiffs allege that (i) Defendants violated the constitutional rights of their decedent under 42 U.S.C. §1983 (Counts 1, 2, and 4); (ii) Defendants violated the statutory civil rights of Plaintiffs' decedent (Count 3); (iii) Defendants Bunn and Mulkey committed assault and battery against Plaintiffs' decedent (Count 5);  (iv) the City of Atlanta is liable based on the doctrine of *respondeat superior* for the acts of Defendant officers (Count 6);  (v) the alleged use of excessive force and racial profiling by Defendants Bunn and Mulkey constituted negligence for which said Defendants are individually liable (Counts 7 and 8); and (vi) Defendants are liable for damages for the wrongful death of Plaintiffs' decedent (Count 9).

3.

This action is founded upon claims arising under the Constitution and laws of the United States, of which this Court has original jurisdiction under 28 U.S.C. §§1331 and 1343(a)(4).  Specifically, Plaintiffs allege that Defendants violated Plaintiffs' decedents rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.  Consequently, this action may be removed to the United  States District Court pursuant to the

provisions of 28 U.S.C. §1441. In addition, this action contains state claims of which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), and these claims may be removed to the United States District Court along with the claims arising under 28 U.S.C. §§ 1331 and 1343 (a)(4), pursuant to 28 U.S.C. § 1441(c).

4.

Defendants are represented by Attorneys Karen E. Woodward, Serena L. Sparks and Kristen E. Brooks.

5.

Defendants City of Atlanta and Richard Pennington have been served and hereby consent to the removal of this action to the United States District Court. Defendants Raymond S. Bunn, Terry L. Mulkey and John Does Nos. 1 through 3 have not been served with process.

6.

This Notice of Removal is timely in that it is filed within thirty (30) days after service of the Summons and Complaint. Defendants have complied with all conditions precedent to removal.

Respectfully submitted this 10th day of January, 2003.

*{signatures appear on following page}*

LINDA K. DISANTIS
City Attorney
Georgia Bar No. 222666

KAREN E. WOODWARD
Senior Assistant City Attorney
Ga. Bar No. 775260

SERENA L. SPARKS
Assistant City Attorney
Ga. Bar No. 669610

KRISTEN E. BROOKS
Associate City Attorney
Ga. Bar No. 581239

Attorneys for Defendants City of
Atlanta and Richard Pennington

CITY OF ATLANTA LAW DEPARTMENT
68 Mitchell Street, S.W.
Suite 4100
Atlanta, Georgia 30335-0332
(404) 330-6400
(404) 658-6894 (Facsimile)

**COPY**

GEORGIA
FULTON COUNTY

STATE COURT OF FULTON COUNTY
(Civil Division)

DO NOT WRITE IN THIS SPACE

02VS042431

02VS042431

JOHN ARNOLD and MONESIA YOUNGBLOOD,
Individually and as Co-Administrators
of the Estate of COREY WARD, Deceased

_____

(Plaintiff's Name and Address)
vs.

Richard Pennington
Chief of Police
675 Ponce De Leon Avenue
Ninth Floor
Atlanta, GA  30308

(Defendant's Name and Address)

| TYPE OF SUIT | AMOUNT OF SUIT | |
|---|---|---|
| ☐ Account | Principal | $ _____ |
| ☐ Contract | | |
| ☐ Note | Interest | $ _____ |
| ☐ Tort | | |
| ☐ Trover | Atty. Fees | $ _____ |
| ☐ Special Lien | | |
| ☐ Foreign Judgment | Ct. Costs | $ _____ |
| ☒ Personal Injury | | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:
    You are hereby required to file with the Clerk of said court and to serve a copy on the
Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Shean D. Williams, Esq.
(Name)
127 Peachtree St. Suite 800
(Address)
Atlanta, GA  30303
(Phone No.) (404)222-9922

an answer to the complaint which is herewith served on you, within (30) days after service
on you, exclusive of the day of service.  If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint, plus cost of this action.
This _____ DEC 11 2002 _____                    _____
                                                        Deputy Clerk

DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED, if desired, in the Clerk's Office at
TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia
30303.
    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more
Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making
written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition
is sworn to, or if suit is based on an unconditional contract in writing, then the
**DEFENDANT'S ANSWER MUST BE SWORN TO.**
    If the principal sum claimed in the suit, or value of the property sued for, is less
than $300.00 and is on a note, unconditional contract, account sworn to, or the petition
sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a
defense.

SERVED: This _____ day of _____ JAN _____, 19__ 2003 .

                                    _____
                                    DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

(Staple to front of SERVICE COPY of complaint)

14-014-1094

**COPY**

GEORGIA
FULTON COUNTY

DO NOT WRITE IN THIS SPACE

*02VS04243*

*H*

*02VS04243*

*H*

STATE COURT OF FULTON COUNTY
(Civil Division)

JOHN ARNOLD and MONESIA YOUNGBLOOD,
INDIVIDUALLY AND AS CO ADMINISTRATORS
OF THE ESTATE OF COREY WARD, DECEASED

(Plaintiff's Name and Address)

vs.

The City of Atlanta
c/o Shirley Franklin
City Hall Tower /Legal Dept
68 Mitchell St, SW
Atlanta, GA  30335

(Defendant's Name and Address)

| TYPE OF SUIT | AMOUNT OF SUIT | |
|---|---|---|
| ☐ Account | Principal | $ |
| ☐ Contract | | |
| ☐ Note | Interest | $ |
| ☐ Tort | | |
| ☐ Trover | Atty. Fees | $ |
| ☐ Special Lien | | |
| ☐ Foreign Judgment | Ct. Costs | $ |
| ☒ Personal Injury | | |

**SUMMONS**

**\*\*DISCOVERY FILED WITH COMPLAINT**

TO THE ABOVE NAMED-DEFENDANT:
    You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Shean D. Williams, Esq.
(Name)
127 Peachtree St. Suite 800
(Address)
Atlanta, GA  30303
(Phone No.)  (404)222-9922

an answer to the complaint which is herewith served on you, within (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.
This _____ **DEC 11 2002**

_____
Deputy Clerk

DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED, if desired, in the Clerk's Office at TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia 30303.
    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the DEFENDANT'S ANSWER MUST BE SWORN TO.
    If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00 and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a defense.

SERVED: This ___11th___ day of ___Dec.___, 20 __02__.

_____
P. Law #461

DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

(Staple to front of SERVICE COPY of complaint)

14-014-1094

RUSH

**2ND ORIGINAL**

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **JOHN ARNOLD** and **MONESIA YOUNGBLOOD,** : <br> Individually and as Co-Administrator of the Estate of : <br> **COREY WARD**, Deceased : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> **RAYMOND S. BUNN**, individually and in his official : <br> capacity as a Police Officer of the City of Atlanta Police : <br> Department; **TERRY L. MULKEY**, individually and in : <br> his official capacity as a Police Officer of the City of : <br> Atlanta Police Department; **RICHARD PENNINGTON**, : <br> individually and in his official capacity as Chief of Police : <br> of the City of Atlanta Police Department; **CITY OF** : <br> **ATLANTA,** a municipal corporation of the State of : <br> Georgia; and **JOHN DOES NOS. 1 THROUGH 3** : <br> : <br> Defendants. : | **CIVIL ACTION NO:** <br> _____ |

### COMPLAINT

**NOW COME** the Plaintiffs, John Arnold and Monesia Youngblood, Individually and as

Co-Administrator of the Estate of Corey Ward, and hereby file their Complaint, as follows:

### IDENTIFICATION OF PARTIES AND JURISDICTION

1.

Plaintiff **John Arnold** is the father and duly appointed Co-Administrator of the

Estate of Corey Ward. Plaintiff John Arnold is, and at all relevant times was, a citizen of the

United States and a resident of the County of DeKalb, State of Georgia and is entitled to bring

this action under Georgia law for all general, special, compensatory, punitive and permissible

damages.

2.

Plaintiff **Monesia Youngblood** is the mother and duly appointed Co-Administrator of the Estate of Corey Ward. Plaintiff Monesia Youngblood is, and at all relevant times was, a citizen of the United States and a resident of the County of DeKalb, State of Georgia and is entitled to bring this action under Georgia law for all general, special, compensatory, punitive and permissible damages.

3.

Defendant **Raymond S. Bunn** (hereinafter referred to as "Defendant Bunn") is, and at all relevant times was, a sworn police officer of the City of Atlanta and/or the City of Atlanta Police Department. In his capacity as a police officer, said Defendant was responsible for policing the City of Atlanta under the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department. Said Defendant is sued both in his official and individual capacities. Said Defendant is a resident and citizen of the State of Georgia and may be served with process at his place of employment, 675 Ponce De Leon Ave, Ninth Floor, Atlanta, Fulton County, Georgia. Jurisdiction and venue are proper.

4.

Defendant **Terry L. Mulkey** (hereinafter referred to as "Defendant Mulkey") is, and at all relevant times was, a sworn police officer of the City of Atlanta and/or the City of Atlanta Police Department. In his capacity as a police officer, said Defendant was responsible for policing the City of Atlanta under the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta

Police Department. Said Defendant is sued both in his official and individual capacities. Said Defendant is a resident and citizen of the State of Georgia and may be served with process at his place of employment, 675 Ponce De Leon Ave, Ninth Floor, Atlanta, Fulton County, Georgia. Jurisdiction and venue are proper.

5.

Defendant **Richard J. Pennington** (hereinafter referred to as "Chief Pennington") is, and at all relevant times was, the Chief of Police for the City of Atlanta Police Department and had supervisory and managerial authority over Defendants Bunn and Mulkey. In his capacity as Chief of Police, said Defendant is responsible for the management and operation of the City of Atlanta Police Department and specifically responsible for ensuring that the police officers of the City of Atlanta Police Department complied with the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department. Furthermore, said Defendant is responsible for the policies, practices, customs and regulations of the City of Atlanta Police Department; and for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department. Said Defendant is sued both in his official and individual capacities. Said Defendant is a resident and citizen of the State of Georgia and may be served with process at his place of employment, 675 Ponce De Leon Ave, Ninth Floor, Atlanta, Fulton County, Georgia. Jurisdiction and venue are proper.

6.

Defendant **City of Atlanta** is, and at all relevant times was a municipal corporation organized and existing under the laws of the State of Georgia and is responsible for the policies,

Page -3-

practices, customs and regulations of the City of Atlanta Police Department; and for the hiring,

training, supervision and discipline of agents, employees and police officers of the City of

Atlanta Police Department.   Said Defendants may be served by serving Mayor Shirley Franklin

through the City of Atlanta Legal Department, City Hall Tower, 68 Mitchell Street, S.W.,

Atlanta, Georgia 30335. Jurisdiction and venue are proper.

7.

Defendant **John Does 1 through 3** of the City of Atlanta Police Department were directly

responsible for the conducts and acts of their duly authorized officers, specifically Defendants

Bunn and Mulkey, and was charged with the responsibility of ensuring that Defendants Bunn and

Mulkey complied with the color and pretense of the federal and state laws as well as the

ordinances, regulations, customs, and usages of the State of Georgia and City of Atlanta Police

Department, and for the hiring, training, supervision and discipline of agents, employees and

police officers of the City of Atlanta Police Department.  Jurisdiction and venue are proper.

8.

Plaintiffs plead and state that Defendants and their agents and employees, including but

not limited to Defendants Bunn and Mulkey, negligently performed ministerial duties discussed

herein and acted willfully and wantonly toward Corey Ward, proximately causing his death.

Therefore, no immunity applies in this matter.  Moreover, Defendants have exhibited a pattern

and practice of ignoring and violating the rights of the citizens of Georgia, including the

decedent, which proximately caused the death of Corey Ward and, furthermore, negligently

supervised and trained their employees despite their knowledge of the need to do so.

Page -4-

9.

Plaintiffs state that they have complied with all pre-requisite ante-litem requirements to sue the governmental entities and individuals named as Defendants in this matter. A copy of Plaintiff's ante-litem notice is attached as exhibit A.

## FACTUAL ALLEGATIONS

10.

At all relevant times, Defendants Bunn and Mulkey were sworn members of the City of Atlanta Police Department, and were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department and under the authority of their office and within the scope of their employment as police officers.

11.

At all relevant times, Defendants Chief Pennington and John Does 1 through 3 of the City of Atlanta Police Department were vested with the obligation of ensuring that the police officers of the City of Atlanta Police Department, including Defendants Bunn and Mulkey, complied with the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department. Defendants Chief Pennington and John Does 1 through 3 of the City of Atlanta Police Department were also responsible for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department, including Defendants Bunn and Mulkey.

12.

At the time of his death on July 13, 2002, Corey Ward was a citizen and resident of the County of DeKalb, in the State of Georgia and in the United States of America. At all times relevant herein, Corey Ward had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

13.

At all times relevant herein, Plaintiff Monesia Youngblood owned a 2001 Chevy Tahoe. On the evening of July 12, 2002, Plaintiff gave the decedent, Corey Ward, permission to drive said vehicle with some of his friends. Soon after, Corey Ward, along with his friends, parked said vehicle in a parking lot located at 3215 Peachtree Rd., NE, Atlanta, Georgia and began socializing in the Buckhead area with other individuals.

14.

On or about 3:30 a.m. on July 13, 2002, Corey Ward, along with his friends, began making their way back to their vehicle located at 3215 Peachtree Rd., N.E., Atlanta, Georgia. After returning to said vehicle, Corey Ward along with his friends entered the vehicle and attempted to drive said vehicle out of the parking lot.

15.

At or about the same time, Defendants Bunn and Mulkey observed Corey Ward, along with his friends, enter said vehicle. In an obvious and blatant act of racial profiling, Defendants Bunn and Mulkey approached the occupants of the vehicle in an "unmarked" vehicle with the intentions of seizing or arresting them. At this time, Defendants Bunn and Mulkey were both wearing civilian clothing and were not dressed in the official uniform of the City of Atlanta

Police Department.

16.

As they exited their unmarked police vehicle, Defendant Bunn and Mulkey drew their firearms in the direction of the vehicle occupied by Corey Ward and his friends, failing to announce their office and status as police officers, and attempted to seize or arrest Corey Ward and his friends.  Unaware of their identities and believing that the Defendants were attempting to car jack them, Corey Ward immediately began to drive the vehicle away in fear.

17.

As he attempted to leave the parking lot, Defendant Bunn discharged several bullets from his firearm in the direction of Mr. Ward and his friends.  The bullets from Defendant Bunn's firearm struck Corey Ward in the back of his head, causing him severe injuries.

18.

Several minutes later, Corey Ward died as a result of the gunshot wounds inflicted by Defendant Bunn.

19.

Prior to and at the time Defendant Bunn discharged his firearm, all of the occupants of the vehicle driven by Corey Ward, including Mr. Ward, were unarmed and posed no significant threat of death or serious injury to either Defendant Bunn, Defendant Mulkey, or the public.

20.

Prior to and at the time Defendant Bunn discharged his firearm, Corey Ward and the other occupants in the vehicle had not engaged in any illegal or criminal activity that justified Defendant Bunn's use of his firearm.

Page -7-

21.

The actions of the Defendants Bunn and Mulkey amount to assault and battery as well as excessive and deadly force, wrongful arrest, and intentional infliction of emotional distress under state law.

22.

Defendants Bunn and Mulkey further violated Corey Ward's civil rights under both the State and Federal Constitutions including illegal search/seizure, excessive and deadly force and violation of due process.

23.

Upon information and belief, the City of Atlanta, the City of Atlanta Police Department and its supervisors, including Chief Pennington, and John Does 1 through 3 of the City Atlanta Police Department have maintained a system of review of police conduct which is so untimely and cursor as to be ineffective and to permit and tolerate the unreasonable excessive and deadly use of force by police officers.

24.

The acts, omissions, systemic flaws, policies, and customs of the City of Atlanta, the City of Atlanta Police Department, and its supervisors, including Chief Pennington and John Does 1 through 3 of the City of Atlanta Police Department, caused police officers of the City of Atlanta to believe that the excessive, deadly and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against Corey Ward and others in the future.

## COUNT ONE:  VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR COMPENSATORY DAMAGES)

#### 25.

Plaintiffs reallege and incorporate paragraphs 1-24 of the Complaint as though they were fully set forth herein.

#### 26.

Per U.S.C. § 1983, the racial profiling and intentional shooting of Corey Ward without legal justification by Defendants Bunn and Mulkey violated the rights of Corey Ward as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, for which Defendant officers are individually liable.

## COUNT TWO:  VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR EXEMPLARY DAMAGES)

#### 27.

Plaintiffs reallege and incorporate paragraphs 1-26 of the Complaint as though they were fully set forth herein.

#### 28.

Per 42 U.S.C. § 1983, the racial profiling and intentional shooting of Corey Ward by Defendants Bunn and Mulkey when Corey Ward was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, when Defendants had no lawful authority to arrest Corey Ward or to use deadly force against him, was done with actual malice toward Corey Ward and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Corey Ward.  Plaintiffs are thus entitled to exemplary damages.

## *COUNT THREE:  VIOLATION OF STATUTORY CIVIL RIGHTS*

### (CLAIM FOR COMPENSATORY DAMAGES)

29.

Plaintiffs reallege and incorporate paragraphs 1-28 of the Complaint as though they were fully set forth herein.

30.

The racial profiling and intentional shooting of Corey Ward by Defendants Bunn and Mulkey when Corey Ward was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, when Defendants had no lawful authority to arrest Corey Ward or to use deadly or non-deadly force against him, was done with actual malice toward Corey Ward and with willful and wanton indifference to and deliberate disregard for the statutory rights of Corey Ward.

## *COUNT FOUR:  VIOLATION OF CONSTITUTIONAL RIGHTS*

### (CLAIM FOR COMPENSATORY DAMAGES)

31.

Plaintiffs reallege and incorporate paragraphs 1-32 of the Complaint as though they were fully set forth herein.

32.

It was the policy and practice of the City of Atlanta and the City of Atlanta Police Department to employ certain police officers, including Defendants Bunn and Mulkey described in the foregoing paragraphs.

**Page -10-**

33.

It was the policy and practice of the City of Atlanta and the City of Atlanta Police Department to authorize certain officers, including Defendants Bunn and Mulkey to cover up the use of racial profiling and excessive force despite the lack of probable cause to arrest. This policy and practice of the City of Atlanta and the City of Atlanta Police Department encouraged and caused constitutional violations by police officers of the City of Atlanta, including the violation of Corey Ward's constitutional rights by Defendants Bunn and Mulkey described in the foregoing paragraphs.

34.

At all times pertinent hereto, Defendants Chief Pennington and John Does 1 through 3 of the City of Atlanta Police Department, encouraged and tolerated the policies and practices described in the foregoing paragraphs. Defendants Chief Pennington and John Does 1 through 3 of the City of Atlanta Police Department refused to adequately train, direct, supervise, or control Defendants Bunn and Mulkey so as to prevent the violation of Corey Ward's constitutional rights.

35.

At all times pertinent hereto, Defendants Bunn and Mulkey were acting within the scope of their employment and pursuant to the aforementioned policies and practices of City of Atlanta. These policies and practices were enforced by Defendants Chief Pennington and John Does 1 through 3 of the City of Atlanta Police Department, and were the moving force, proximate cause, or affirmative link behind the conduct causing Corey Ward's death. The City of Atlanta, City of Atlanta Police Department, Defendant Chief Pennington and Defendants John Does 1 through 3

Page -11-

of the City of Atlanta Police Department are therefore liable for the violation of Corey Ward's constitutional rights.

## COUNT FIVE:  ASSAULT AND BATTERY

### (CLAIM FOR COMPENSATORY DAMAGES AND EXEMPLARY DAMAGES)

36.

Plaintiffs reallege and incorporate paragraphs 1-35 of the Complaint as though they were fully set forth herein.

37.

The use of deadly force by Defendants Bunn and Mulkey when Corey Ward was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, was without justification or provocation, was excessive, and constitutes assault and battery for which Defendants Bunn and Mulkey are individually liable.

38.

As a proximate result of the assault and battery committed by Defendants Bunn and Mulkey, they are liable, jointly and severally, to Plaintiffs for all of the damages sustained as a result of their actions toward Corey Ward.  Plaintiffs are entitled to recover all damages, including general, special, and compensatory damages, proximately resulting from said tortuous conduct.  Plaintiffs are also entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which would raise the presumption of conscious indifference to consequences and a specific intent to cause harm.

## *COUNT SIX:  RESPONDEAT SUPERIOR LIABILITY*

## (CLAIM FOR COMPENSATORY AND EXEMPLARY DAMAGES)

### 39.

Plaintiffs reallege and incorporate paragraphs 1-38 of the Complaint as though they were fully set forth herein.

### 40.

At all times pertinent here to, Defendants Bunn and Mulkey were acting within the scope of their employment as officers of the City of Atlanta Police Department.

### 41.

The City of Atlanta is liable for compensatory damages under the doctrine of respondeat superior for the torts of Defendants Bunn and Mulkey committed within the scope of their employment.

### 42.

The City of Atlanta, through its agents, expressly authorized Defendants Bunn and Mulkey to use excessive and deadly force; knew, through its agents, that Defendants Bunn and Mulkey had a propensity for committing intentional torts, using excessive force in the line of duty; and acquiesced in the Defendants' wrongful conduct.  Plaintiffs are thus entitled to exemplary damages against City of Atlanta for the malicious conduct of Defendants.

## *COUNT SEVEN:  NEGLIGENCE*

## (CLAIM FOR COMPENSATORY DAMAGES)

43.

Plaintiffs reallege and incorporate paragraphs 1-42 of the Complaint as though they were fully set forth herein.

44.

Defendants Bunn and Mulkey, while acting as agents and employees for City of Atlanta in their capacity as police officers for City of Atlanta, owed a duty to Corey Ward to perform their police duties without use of excessive force and racial profiling. Defendants' use of deadly and excessive force upon Corey Ward, when he was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others constitute negligence for which Defendants Bunn and Mulkey are individually liable.

45.

Defendants Bunn's and Mulkey's use of deadly and excessive force upon Corey Ward when Defendants had no lawful authority to arrest Corey Ward or to use force against him constitutes negligence for which Defendants are individually liable.

46.

As a proximate result of Defendants' negligent use of deadly and excessive force, they are liable, jointly and severally, to Plaintiffs for all of the damages sustained as a result of their actions toward Corey Ward. Plaintiffs are entitled to recover all damages, including general, special, and compensatory damages, proximately resulting from said tortuous conduct.

## *COUNT EIGHT:  NEGLIGENCE*

## (CLAIM FOR EXEMPLARY DAMAGES)

47.

Plaintiffs reallege and incorporate paragraphs 1-46 of the Complaint as though they were fully set forth herein.

48.

The negligent use of deadly and excessive force by Defendants Bunn and Mulkey when Corey Ward was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, and when Defendants had no lawful authority to arrest Corey Ward or to use deadly force against him, was done with willful and wanton indifference to and deliberate disregard for human life and the rights of Corey Ward. Plaintiffs are thus entitled to exemplary damages.

## *COUNT NINE:  WRONGFUL DEATH CLAIM*

49.

Plaintiffs reallege and incorporate paragraphs 1-48 of the Complaint as though they were fully set forth herein.

50.

At all times material hereto, Plaintiff John Arnold was the father and natural parent of Corey Ward and is currently the co-administrator of the Estate of Corey Ward. Plaintiff Monesia Youngblood, at all times material hereto, was the mother and natural parent of Corey Ward and is currently the co-administrator of the Estate of Corey Ward.

51.

Plaintiffs show that the wrongful acts of the Defendants as set out hereunder were the direct and proximate cause of the physical pain and suffering and death of Corey Ward.

Page -15-

52.

As a further result of the negligent conduct of the Defendants, medical, funeral and burial expenses have been incurred by the Estate of Corey Ward.

53.

As a direct and proximate result of one or more of the aforementioned reckless or intentional acts or omissions by Defendants, they are liable, jointly and severally, to the Plaintiffs for all damages allowed under law for the wrongful death of Corey Ward.

**WHEREFORE,** Plaintiffs, John Arnold and Monesia Youngblood prays as follows:

a)      That process issue and that Defendants be served according to the law;

b)      That Plaintiffs have a trial by jury;

c)      That Plaintiffs have and recover a verdict and judgment against Defendants, jointly and severally, in their official and individual capacities for all compensatory, general, special and punitive damages, including pain and suffering, and for reasonable attorney fees pursuant to O.C.G.A. § 13-6-11, and for all such amounts as may be proven before the trier of fact;

d)      That Plaintiffs recover for the wrongful death of their son, Corey Ward; and

e)      That Plaintiffs have such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

Hezekiah Sistrunk, Jr., Esq.
Georgia State Bar No.: 649413
Shean D. Williams, Esq.
Georgia State Bar No.: 764139

Page -16-

Audrey M. Tolson, Esq.
Georgia State Bar No.: 714321

Attorney for Plaintiffs

COCHRAN, CHERRY, GIVENS,
SMITH & SISTRUNK, P.C.
The Candler Building
127 Peachtree Street, Suite 800
Atlanta, Georgia 30303
404-222-9922

Page -17-

# THE COCHRAN FIRM

## COCHRAN, CHERRY, GIVENS, SMITH & SISTRUNK, P.C.

ATLANTA, GEORGIA



127 PEACHTREE STREET, NE
ATLANTA, GEORGIA 30303
(404) 222-9922 • FAX: (404) 222-0170



July 23, 2002

**CERTIFIED MAIL -**
**RETURN RECEIPT REQUESTED**

Honorable Mayor Shirley Franklin
55 Trinity, SW
Suite 2900
Atlanta, Georgia 30335

Cathy Woolard, Chairperson of City Council
55 Trinity, SW
Suite 2900
Atlanta, Georgia 30335

Chief Richard J. Pennington
Atlanta Police Department
675 Ponce de Leon Avenue
Atlanta, Georgia 30328

Rosalind Rubens Newell, Esq.
City Attorney
68 Mitchell Street, SW
Suite 4100
Atlanta, Georgia 30335

**RE:**  *Notice of Injury and Claim against the City of Atlanta, Georgia*

Dear Ladies and Gentleman:

Pursuant to O.C.G.A. § 36-33-5(b) and 36-1-1, this notice is to advise you that we have been retained by Monesia Youngblood and John Arnold, the parents and legal guardian of Corey Ward, who was brutally shot to death by a City of Atlanta Police Officer on or about July 14, 2002. As a result of this tragedy, Monesia Youngblood and John Arnold intend to file a lawsuit against the City of Atlanta, its police department and Officers R. S. Bunn and T. L. Mulkey, Jr. for the wrongful death of Corey Ward that occurred on July 14, 2002.

On the early morning of July 14, 2002, Corey Ward along with his friends was lawfully leaving a parking lot in Buckhead Atlanta in route home after socializing with friends. At the same time, Officers R. S. Bunn and T. L. Mulkey, Jr. drove up on Mr. Ward and his friends and pulled out firearms without identifying themselves as police officers. Without legal justification or probable cause, Officer R. S. Bunn immediately discharged his firearm at Mr. Ward. Based on our investigation, Officers R. S. Bunn and T. L. Mulkey's behavior constitutes a conscious disregard for the safety of others as well as an intentional violation of Mr. Ward's civil rights during the course of their duties as officers. Consequently, the City of Atlanta and its police department are vicariously liable for the consequences of these officers' reckless behavior.

## THE COCHRAN FIRM
### COCHRAN, CHERRY, GIVENS, SMITH & SISTRUNK, P.C.

**RE:** *Notice of Injury and Claim against the City of Atlanta, Georgia*
**July 23, 2002**
**Page 2**

Please allow this letter to serve as notice of the above-referenced claim and demand for compensation for the wrongful death, pain and suffering, and all special damages incurred by Monesia Youngblood and John Arnold as a result of this matter.

If you have any questions, please do not hesitate to contact me.

Yours very truly,

Shean D. Williams, Esq.

SDW/klo
6100.3260

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHN ARNOLD, *et al.*,                          )
                                                )
    Plaintiffs,                           )
                                                )      CIVIL ACTION FILE
vs.                                             )
                                                )      NO. _____
RAYMOND S. BUNN, *et al.*,                      )
                                                )
    Defendants.                           )

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for Plaintiffs with a copy

of the within and foregoing NOTICE OF REMOVAL, together with all attachments

thereto, by depositing same in the United States Mail with sufficient postage prepaid

and addressed as follows:

> Hezekiah Sistrunk, Jr., Esq.
> Schean D. Williams, Esq.
> Audrey M. Toleson, Esq.
> COCHRAN, CHERRY, GIVENS, SMITH & SISTRUNK, P.C.
> 127 Peachtree Street, NW
> Suite 800
> Atlanta, Georgia 30303

This ___10th___ day of January, 2003.

SERENA L. SPARKS
Assistant City Attorney
Ga. Bar No. 669610

CITY OF ATLANTA LAW DEPARTMENT
68 Mitchell Street, S.W.
Suite 4100
Atlanta, Georgia 30335-0332
(404) 330-6400
(404) 658-6894 (Facsimile)