**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 10 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN ARNOLD and MONESIA YOUNGBLOOD, Individually and as Co-Administrator of the Estate of COREY WARD, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>RAYMOND S. BUNN, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department; TERRY L. MULKEY, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department; RICHARD PENNINGTON, individually and in his official capacity as Chief of Police of the City of Atlanta Police Department; CITY OF ATLANTA, a municipal corporation of the State of Georgia; and JOHN DOES NOS. 1 THROUGH 3,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:03 CV 0087 |

## DEFENDANTS CITY OF ATLANTA AND RICHARD PENNINGTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

NOW COME THE CITY OF ATLANTA and RICHARD PENNINGTON (hereinafter "Defendants"), Defendants in the above- styled action, and file this their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

2

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Defendant City of Atlanta has engaged in no policy, custom or practice as would subject it to liability pursuant to 42 U.S.C. §1983.

**SECOND AFFIRMATIVE DEFENSE**

Defendants assert that they took no action to deprive Plaintiffs' decedent of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' complaint alleges any state law cause of action against the municipality or the individual defendant in his official capacity, such claims are barred by the doctrine of governmental/sovereign immunity. The Defendants expressly deny that they are liable to Plaintiffs under any such state law cause of action.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

As a matter of law, Defendant City of Atlanta is not liable for punitive damages.

**SIXTH AFFIRMATIVE DEFENSE**

Any injury to Plaintiffs resulted from Plaintiffs' decedent's own acts.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant Pennington is entitled to qualified and official immunity.

**ANSWERS TO ALLEGATIONS**

1.

Paragraph 1 contains a jurisdictional statement which does not require a response from Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and therefore deny same.

2.

Paragraph 2 contains a jurisdictional statement which does not require a response from Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore deny same.

3.

Paragraph 3 contains a jurisdictional statement which does not require a response from Defendants and, therefore, is denied. Defendants deny the second sentence as stated. Defendants admit that Plaintiffs purport to sue Raymond Bunn in

his official and individual capacities, but they deny that this Court has personal jurisdiction over Bunn. Defendants admit the remaining allegations in Paragraph 3 of the Complaint.

4.

Paragraph 4 contains a jurisdictional statement which does not require a response from Defendants and, therefore, is denied. Defendants deny the second sentence as stated. Defendants admit that Plaintiffs purport to sue Terry Mulkey in his official and individual capacities, but they deny that this Court has personal jurisdiction over Mulkey. Defendants admit the remaining allegations in Paragraph 4 of the Complaint.

5.

Paragraph 5 contains a jurisdictional statement which does not require a response from Defendants. Defendants deny the first three sentences as stated. Defendants admit the remaining allegations in Paragraph 5 of the Complaint.

6.

Paragraph 6 contains a jurisdictional statement which does not require a response from Defendants. Defendants deny the first sentence as stated. Defendants admit the second sentence of Paragraph 6 of the Complaint.

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 7 of the Complaint, and therefore deny same.

8.

Defendants deny all allegations set forth in paragraph 8 of the Complaint, and they specifically deny any liability to Plaintiffs.

9.

Defendants admit that Plaintiffs have complied with the prerequisite ante-litem requirements necessary to sue the governmental entities named as Defendants in this Complaint. Defendants admit that a copy of Plaintiffs' ante-litem notice is attached to this Complaint.

10.

Defendants admit that Defendants Bunn and Mulkey were sworn members of the Atlanta Police Department. The remaining allegations in Paragraph 10 of the Complaint call for a legal conclusion and, therefore, no response is required. To the extent a response is required, said allegations are denied.

11.

Defendants lack sufficient knowledge and information to admit or deny the allegations set forth in paragraph 11 and, therefore, they are denied.

12.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 12 of the Complaint, and therefore deny the same.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore deny the same.

14.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore deny the same.

15.

Defendants admit that Defendants Bunn and Mulkey were working a plain clothes detail. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny that Defendants Bunn and Mulkey failed to identify themselves as police officers during the incident that is the subject of this Complaint. Defendants are without information sufficient to form a belief about the mental state of Plaintiff Corey Ward and therefore deny that he believed he was being car-jacked or that he was in fear. The Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.

Defendants admit that Plaintiff Corey Ward suffered severe injuries as a result of a gunshot wound. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.

Defendants admit that Plaintiff Corey Ward died as the result of the injuries he sustained from a gunshot wound. Defendants are without knowledge or information sufficient to form a belief about the mount of time that elapsed between the time Corey Ward suffered a gunshot wound and the time that he died, and therefore deny that the length of time was several minutes.

19.

Defendants deny the allegations in Paragraph 19 of the Complaint.

20.

Defendants deny the allegations in Paragraph 20 of the Complaint.

21.

Defendants deny the allegations set forth in paragraph 21.

22.

Defendants deny the allegations set forth in paragraph 22.

23.

Defendants deny the allegations set forth in paragraph 23.

24.

Defendants deny that any acts, omissions, systemic flaws, policies, or customs of the City of Atlanta, the City of Atlanta Police Department, Chief Richard Pennington, or any of their supervisors, agents, or employees caused police officers of the City of Atlanta to believe that the excessive, deadly and unreasonable use of force would not be aggressively, honestly, and properly investigated.  Defendants deny that they engaged in any act or omission that would foreseeably cause Atlanta Police Officers to be more likely to use excessive or unreasonable force against Corey Ward or any other citizen.  To the extent that any wrongdoing on the part of Defendants is alleged in Paragraph 24, the same is denied.

25.

Defendants hereby incorporate Paragraphs 1-24 of their Answer and Affirmative Defenses as though they were fully set forth herein.

26.

Defendants deny that they are liable to Plaintiffs under 42 U.S.C. §1983. Defendants deny that they violated any rights guaranteed to Plaintiff Corey Ward by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants deny that any racial profiling occurred during the incident that is the subject of this Complaint. Defendants deny that they are liable to Plaintiffs.

27.

Defendants hereby incorporate Paragraphs 1-26 of their Answer and Affirmative Defenses as though they were fully set forth herein.

28.

Defendants deny the allegations in Paragraph 28 of the Complaint. Defendants further deny that Plaintiffs are entitled to any damages.

29.

Defendants hereby incorporate Paragraphs 1-28 of their Answer and Affirmative Defenses as though they were fully set forth herein.

30.

Defendants deny the allegations in Paragraph 30 of the Complaint.

31.

Defendants hereby incorporate Paragraphs 1-30 of their Answer and Affirmative Defenses as though they were fully set forth herein.

32.

Defendants admit that the City of Atlanta has a policy and practice of employing individuals as Police Officers. To the extent that any liability is ascribed to Defendants by the allegations in Paragraph 32, the same is denied.

33.

Defendants deny the allegations in Paragraph 33 of the Complaint.

34.

Defendants deny the allegations in Paragraph 34 of the Complaint.

35.

Defendants deny the allegations in Paragraph 34 of the Complaint.

36.

Defendants hereby incorporate Paragraphs 1-35 of their Answer and Affirmative Defenses as though they were fully set forth herein.

37.

Defendants deny the allegations in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations set forth in paragraph 38 of the Complaint. Defendants specifically deny that Plaintiffs are entitled to damages.

39.

Defendants hereby incorporate Paragraphs 1-38 of their Answer and Affirmative Defenses as though they were fully set forth herein.

40.

The allegations in Paragraph 40 of the Complaint call for a legal conclusion and, therefore, no response is required.

41.

Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.

Defendants deny that the City of Atlanta, through its agents, expressly authorized anyone to use excessive force. Defendants deny that the City of Atlanta knew, through its agents, of a propensity on the part of any of its employees for committing intentional torts or using excessive force in the line of duty. Defendants deny acquiescing in any alleged wrongful

11

conduct. Defendants deny that Plaintiffs are entitled to exemplary damages against the City of Atlanta. Defendants deny any malicious conduct during the incident that is the subject of this Complaint.

43.

Defendants hereby incorporate Paragraphs 1-42 of their Answer and Affirmative Defenses as though they were fully set forth herein.

44.

Defendants admit that agents and employees of the City of Atlanta acting in the capacity as a police officer are prohibited from the use of excessive force or racial profiling. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint. To the extent that liability on the part of Defendants is alleged in Paragraph 44, the same is denied.

45.

Defendants deny the allegations set forth in paragraph 45 of the Complaint. Defendants specifically deny that they are liable in this matter.

46.

Defendants deny any negligent use of deadly or excessive force during the incident that is the subject of this Complaint. Defendants deny that they are liable, jointly or severally, to Plaintiffs for any alleged damages. Defendants

WHEREFORE, having answered Plaintiffs' Complaint within the time allowed by law, Defendants respectfully request:

(a) that all of Plaintiffs' prayers for relief be denied;

(b) that the action against Defendants be dismissed for failure to state a claim;

(c) that Plaintiffs' action for punitive damages be dismissed as unrecoverable; and

(d) that all costs incurred by Defendants to defend this action be cast upon Plaintiffs.

This the 10th day of January, 2003.

Respectfully Submitted,

LINDA K. DISANTIS
City Attorney
Georgia Bar No. 222666

KAREN E. WOODWARD
Senior Assistant City Attorney
Ga. Bar No. 775260

SERENA L. SPARKS
Assistant City Attorney
Ga. Bar No. 669610

KRISTEN E. BROOKS
Associate City Attorney
Ga. Bar No. 581239

Attorneys for Defendants City of Atlanta and Richard Pennington

15

CITY OF ATLANTA LAW DEPARTMENT
68 Mitchell Street, S.W.
Suite 4100
Atlanta, Georgia  30335-0332
(404) 330-6400
(404) 658-6894 (Facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN ARNOLD, *et al.*, | )<br>) |
| Plaintiffs, | )<br>) |
| | ) CIVIL ACTION FILE |
| vs. | )<br>) NO. _____ |
| RAYMOND S. BUNN, *et al.*, | )<br>) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for Plaintiffs with a copy of the within and foregoing ANSWER by depositing same in the United States Mail with sufficient postage prepaid and addressed as follows:

Hezekiah Sistrunk, Jr., Esq.
Schean D. Williams, Esq.
Audrey M. Toleson, Esq.
COCHRAN, CHERRY, GIVENS, SMITH & SISTRUNK, P.C.
127 Peachtree Street, NW
Suite 800
Atlanta, Georgia 30303

This __10th__ day of January, 2003.

SERENA L. SPARKS
Assistant City Attorney
Ga. Bar No. 669610

CITY OF ATLANTA LAW DEPARTMENT
68 Mitchell Street, S.W.
Suite 4100
Atlanta, Georgia 30335-0332
(404) 330-6400
(404) 658-6894 (Facsimile)