# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN ARNOLD and MONESIA YOUNGBLOOD, Individually and as Co-Administrators of the Estate of COREY WARD, Deceased, | ) ) ) ) ) | CIVIL ACTION FILE |
| Plaintiffs, | ) ) | NO. 1:03-CV-0087-CAP |
| vs. | ) ) ) | |
| RAYMOND S. BUNN, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; TERRY L. MULKEY, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; RICHARD PENNINGTON, Individually and in his Official Capacity as Chief of Police of the City of Atlanta Police Department; CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and JOHN DOES, Nos. 1 through 3, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER, DEFENSES AND COUNTERCLAIM

## OF RAYMOND S. BUNN, INDIVIDUALLY

COMES NOW, Defendant RAYMOND S. BUNN, in his individual capacity and through undersigned counsel, hereby submits to the court his Answer, Defenses and Counterclaim as follows:

# I. DEFENSES

## FIRST DEFENSE

Defendant RAYMOND S. BUNN took no action to deprive Plaintiffs' decedent of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## SECOND DEFENSE

Defendant RAYMOND S. BUNN is shielded qualified immunity from the Plaintiffs' causes of action, as alleged.

## THIRD DEFENSE

Defendant RAYMOND S. BUNN is shielded by governmental/sovereign immunity to the extent that Defendants allege a state law cause of action.

## FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Any injury to Plaintiffs resulted from Plaintiffs' decedent's own acts.

## SIXTH DEFENSE

Defendant RAYMOND S. BUNN was entitled to use reasonable force in his attempts to prevent Plaintiffs' decedent's use of unlawful and deadly force against him

and his fellow officer.

## SEVENTH DEFENSE

Defendant RAYMOND S. BUNN used reasonable force in protecting himself and his partner from Plaintiffs' decedent's use of a motor vehicle as a deadly weapon.

## EIGHTH DEFENSE

Defendant RAYMOND S. BUNN is entitled to the state law defenses set forth in O.C.G.A. §17-4-20 and common law.

## NINTH DEFENSE

To the extent that the actions of Plaintiffs' decedent and his accomplices constituted an emergency, Defendant RAYMOND S. BUNN is entitled to the immunity set forth in O.C.G.A. §35-1-7.

## II. ANSWERS TO COMPLAINT

-1-

Paragraph 1 contains a jurisdictional statement which does not require a response from Defendant Raymond S. Bunn. Defendant Bunn is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and therefore denies same.

-2-

Paragraph 2 contains a jurisdictional statement which does not require a

response from Defendant Raymond S. Bunn. Defendant Bunn is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore denies same.

-3-

Paragraph 3 contains a jurisdictional statement which does not require a response from Defendant Raymond S. Bunn and, therefore, is denied. Defendant Raymond S. Bunn denies the second sentence as stated. Defendant Raymond S. Bunn admits that Plaintiffs purport to sue Raymond S. Bunn in his official and individual capacities. Defendant Bunn admits the remaining allegations in Paragraph 3 of the Complaint.

-4-

Paragraph 4 contains a jurisdictional statement which does not require a response from Defendant Raymond S. Bunn and, therefore, is denied. Defendant Bunn denies the second sentence as stated. Defendant Bunn admits that Plaintiffs purport to sue Terry Mulkey in his official and individual capacities. Defendant Bunn admits the remaining allegations in Paragraph 4 of the Complaint.

-5-

Paragraph 5 contains a jurisdictional statement which does not require a response from Defendant Raymond S. Bunn. Defendant Bunn denies the first three

sentences as stated.  Defendant Bunn admits the remaining allegations in Paragraph 5 of the Complaint.

-6-

Paragraph 6 contains a jurisdictional statement which does not require a response from Defendant Raymond S. Bunn.  Defendant Bunn denies the first sentence as stated.  Defendant Bunn admits the second sentence of Paragraph 6 of the Complaint.

-7-

The allegations of Paragraph 7 of the Complaint are denied.

-8-

Defendant Bunn denies all allegations set forth in paragraph 8 of the Complaint, and he specifically denies any liability to Plaintiffs.

-9-

Paragraph 9 states a legal conclusion requiring no response from this answering Defendants, and is thus denied.

-10-

Defendant Bunn admits that Plaintiffs have complied with the prerequisite ante-litem requirements necessary to sue the governmental entities named as Defendants in this Complaint.  Defendant Bunn admits that a copy of Plaintiffs' ante-

litem notice is attached to this Complaint.

-11-

Defendant Bunn lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 11 and, therefore, they are denied.

-12-

Defendant Bunn is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the same.

-13-

Defendant Bunn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies same.

-14-

Defendant Bunn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies same.

-15-

Defendant Bunn admits that he was wearing plain police clothing, with clearly displayed police department insignia.  The remaining allegations of Paragraph 15 are

denied.

-16-

Defendant Bunn admits exiting his police vehicle and attempting to lawfully detain Corey Ward and his accomplices. The remaining allegations of Paragraph 16 are denied.

-17-

Defendant Bunn admits that Plaintiffs' decedent suffered injuries as a result of one or more gunshot wounds. The remaining allegations of Paragraph 17 are denied.

-18-

Defendant Bunn admits that Plaintiff Corey Ward died as a result of the injuries he sustained from a gunshot wound. Defendant Bunn is without knowledge or information sufficient to form a belief about the amount of time that elapsed between the time Corey Ward suffered a gunshot wound and the time that he died, and therefore denies that the length of time was several minutes.

-19-

Defendant Bunn denies the allegations in Paragraph 19 of the Complaint.

-20-

Defendant Bunn denies the allegations in Paragraph 20 of the Complaint.

-21-

Defendant Bunn denies the allegations in Paragraph 21 of the Complaint.

-22-

Defendant Bunn denies the allegations in Paragraph 22 of the Complaint.

-23-

Defendant Bunn denies the allegations in Paragraph 23 of the Complaint.

-24-

Defendant Bunn denies the allegations in Paragraph 24 of the Complaint.

-25-

Defendant Bunn hereby incorporates Paragraphs 1-24 of his Answer and Defenses as though they were fully set forth herein.

-26-

Defendant Bunn denies that he is liable to Plaintiffs under 42 U.S.C. §1983. Defendant Bunn denies that he violated any rights guaranteed to Plaintiff Corey Ward by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendant Bunn denies any racial profiling occurred during this incident that is the subject of this Complaint.  Defendant Bunn denies that he is liable to Plaintiffs.

-27-

Defendant Bunn hereby incorporates Paragraphs 1-27 of his Answer and Defenses as though they were fully set forth herein.

-28-

Defendant Bunn denies the allegations in Paragraph 28 of the Complaint. Defendant Bunn further denies that Plaintiffs are entitled to any damages.

-29-

Defendant Bunn hereby incorporates Paragraphs 1-28 of his Answer and Defenses as though they were fully set forth herein.

-30-

Defendant Bunn denies the allegations in Paragraph 30 of the Complaint.

-31-

Defendant Bunn hereby incorporates Paragraphs 1-30 of his Answer and Defenses as though they were fully set forth herein.

-32-

Defendant Bunn admits that the City of Atlanta has a policy and practice of employing individuals as police officers.  To the extent that any liability is ascribed to Defendant Bunn by the allegations in Paragraph 32, the same is denied.

-33-

Defendant Bunn denies the allegations in Paragraph 33 of the Complaint.

-34-

Defendant Bunn denies the allegations in Paragraph 34 of the Complaint.

-35-

Defendant Bunn denies the allegations in Paragraph 35 of the Complaint.

-36-

Defendant Bunn hereby incorporates Paragraphs 1-35 of his Answer and Defenses as though they were fully set forth herein.

-37-

Defendant Bunn denies the allegations in Paragraph 37 of the Complaint.

-38-

Defendant Bunn denies the allegations set forth in Paragraph 38 of the Complaint. Defendant Bunn specifically denies that Plaintiffs are entitled to damages.

-39-

Defendant Bunn hereby incorporates Paragraphs 1-38 of his Answer and Defenses as though they were fully set forth herein.

-40-

The allegations in Paragraph 40 of the Complaint call for a legal conclusion and, therefore, no response is required.

-41-

Defendant Bunn denies the allegations set forth in Paragraph 41 of the Complaint.

-42-

Defendant Bunn denies the allegations of Paragraph 42.

-43-

Defendant Bunn hereby incorporates Paragraphs 1-42 of his Answer and Defenses as though they were fully set forth herein.

-44-

Defendant Bunn admits that agents and employees of the City of Atlanta acting in the capacity as police officers are prohibited from the use of excessive force or racial profiling. Defendant Bunn denies the remaining allegations contained in Paragraph 44 of the Complaint. To the extent that liability on the part of Defendant Bunn is alleged is Paragraph 44, the same is denied.

-45-

Defendant Bunn denies the allegations of Paragraph 45.

-46-

Defendant Bunn denies the allegations of Paragraph 46.

-47-

Defendant Bunn hereby incorporates Paragraphs 1-46 of his Answer and Defenses as though they were fully set forth herein.

-48-

Defendant Bunn denies the allegations of Paragraph 48.

-49-

Defendant Bunn hereby incorporates Paragraphs 1-48 of his Answer and Defenses as though they were fully set forth herein.

-50-

Defendant Bunn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies same.

-51-

Defendant Bunn denies the allegations of Paragraph 51.

-52-

Defendant Bunn denies the allegations of Paragraph 52.

-53-

Defendant Bunn denies the allegations of Paragraph 53.

## III.  COUNTERCLAIM

RAYMOND S. BUNN, through undersigned counsel, hereby sets forth his Counterclaim against Plaintiffs in the foregoing action, as follows:

-1-

Plaintiff Monesia Youngblood owned a certain 2001 Chevrolet Tahoe on or about July 13, 2002.

-2-

On or about July 13, 2002, Plaintiff Youngblood gave her son Corey Ward permission to drive her said vehicle, accompanied by some of his friends.

-3-

At all times material to Plaintiff Youngblood's complaint, Corey Ward was driving her car with her permission.

-4-

During the early morning hours of July 14, 2002, Corey Ward, with wanton misconduct and reckless indifference to the consequences, drove and steered said vehicle at and toward the person of Raymond S. Bunn, thereby striking and injuring him.

-5-

Corey Ward's actions in so driving the vehicle were undertaken at a high rate of acceleration and directly at Defendant Raymond S. Bunn.

-6-

Corey Ward's actions caused Raymond S. Bunn to be placed in reasonable apprehension in immediately receiving a violent injury.

-7-

Corey Ward acted with an entire absence of regard for the consequences of his conduct, in a manner sufficient to justify an award of exemplary damages.

-8-

The foregoing actions of Corey Ward caused injury and pain to the person of Raymond S. Bunn, and require continuing medical treatment.


WHEREFORE, Plaintiff in Counterclaim, Raymond S. Bunn, prays for the following relief:

a)     That this Counterclaim be set down for trial by jury;

b)     That Plaintiff in Counterclaim be awarded compensatory damages against the Defendants in Counterclaim (Youngblood and Arnold) in an amount to be determined by the jury;

c)     That Bunn be awarded punitive damages in an amount to be determined by the jury;

d)   That Bunn be awarded reasonable attorney's fees;

e)   That Plaintiffs' complaint against Bunn be dismissed;

f)   That Bunn recover the costs of bringing this action, and defending the action against him;

g)   That the court award Bunn such further relief as it may find appropriate.

Respectfully submitted,

DONALD C. ENGLISH
Attorney for Raymond S. Bunn
In his Individual Capacity
Georgia Bar No. 248875

Southern States P.B.A., Inc.
1900 Brannan Road
McDonough, GA 30253-4310
(770) 389-5391