**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
FEB 27 2003
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATE DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOHN ARNOLD and MONESIA
YOUNGBLOOD, Individually and as
Co-Administrator of the Estate of
COREY WARD, Deceased

    Plaintiffs,

vs.

RAYMOND S. BUNN, individually and
in his Official Capacity as a Police Officer
of the City of Atlanta Police Department;
TERRY L. MULKEY, individually and in
his official capacity as a Police Officer of
the City of Atlanta Police Department;
RICHARD PENNINGTON,
Individually and in his Official Capacity as
Chief of Police of the City of Atlanta Police
Department; CITY OF ATLANTA, a
Municipal Corporation of the State of
Georgia; and JOHN DOES,
Nos. 1 through 3,

    Defendants.

CIVIL ACTION NO:
1:03-CV-0087-CAP

## PLAINTIFFS MOTION AND BRIEF IN OPPOSITION
## OF DEFENDANT BUNN'S MOTION TO STAY PROCEEDINGS

Plaintiffs John Arnold and Monesia Youngblood in their individual

capacities and as administrators of the Estate of Corey Ward, deceased, hereby



moves this Court in opposition of Defendant Bunn's Motion to Stay Proceedings and shows the Court the following:

## I. **Factual Summary**

The present action arises out of the wrongful death of Corey Ward, an 18 year old male, who was shot and killed by Officer Raymond Bunn on July 13, 2002 while driving his mother's vehicle in Atlanta, Georgia. On December 11, 2002, Plaintiffs filed a civil action against the City of Atlanta, Chief Richard Pennnington, Officer Terry L. Mulkey, and Officer Raymond S. Bunn alleging among other things, violation of Corey Ward's civil rights. Along with the Complaint, Plaintiff served Defendants with Plaintiff's First Interrogatories and Request for Production of Documents. Prior to responding to Plaintiff's Complaint and Answer, Defendants removed this action from the State Court of Fulton County to the United States District Court, Northern District pursuant to 28 U.S.C. § 1441. Subsequently, Defendant Bunn filed an Answer and a Counterclaim denying the allegations in Plaintiffs' Complaint on February 7, 2003.

Rather than respond to Plaintiffs' discovery, Defendant Bunn filed a Motion to Stay the Proceedings on February 18, 2003. In Defendant's Motion, Officer Bunn is seeking a stay to the proceedings pursuant to The Soldiers' and Sailors'

Civil Relief Act of 1940. In response, Plaintiffs file this objection to Defendant Bunn's request for a stay for the following reasons:

1) Granting a stay in these proceedings would unjustly and adversely prejudice the Plaintiffs and

2) Denial of stay in these proceedings does not prejudice Defendant Bunn or the other Defendants.

## II. Arguments and Citations of Authority

A. GRANTING A STAY IN THESE PROCEEDINGS WOULD UNJUSTLY AND ADVERSELY PREJUDICE THE PLAINTIFFS

Since the death of Corey Ward on July 13, 2002, the Plaintiffs have sought to obtain answers for why their son was killed by Defendant Bunn without any legal justification. In that regard, Plaintiffs attempted to obtain the Internal Investigation File of the City of Atlanta Police Department as well as inspect the vehicles involved in this incident. Despite numerous requests, Defendant City of Atlanta has refused to allow the Plaintiffs to inspect the above requested evidence. As a result, Plaintiff filed a complaint in this case with an eagerness to begin the discovery the process.

Like most cases of police brutality, it is vital that the Plaintiffs begin a formal investigation of the incident as soon as possible to preserve all evidence. For this reason, it is imperative that the Plaintiffs have every opportunity to

conduct a complete and thorough discovery of all of the Defendants while the witnesses' accounts are fresh and the evidence has not been spoiled. In addition, Plaintiffs need to conduct discovery to determine if they need to amend their Complaint to include additional parties. It follows that should these proceedings be stayed at this time, the Plaintiffs would be unjust and severely prejudiced.

B.  DENIAL OF A STAY IN THESE PROCEEDINGS DOES NOT PREJUDICE DEFENDANT BUNN OR THE OTHER DEFENDANTS

Defendant Bunn cites to The Soldiers' and Sailors' Civil Relief Act of 1940 in support of his Motion. In relevant part, The Soliders' and Sailors' Civil Relief Act of 19 (Act Oct. 17, 1940, c.888, 54 Stat. 1178) 50 App. U.S.C.A. § 01, et seq. provides in § 521, that:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [50 USCS Appx. §§ 501 et seq.], <u>unless, in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.</u>

Defendant Bunn has requested a stay of this action because he has been called to active duty. However, a stay of proceedings against a defendant in

military service is not an absolute right, but it is a decision left to judicial discretion. <u>Boone v. Lightner</u> 319 US 561 (1943). It is also a decision that requires that Defendant Bunn make a showing that he would actually be prejudiced by the case proceeding in his absence. He has not, however, made this requisite showing.

According to his orders, Defendant Bunn has been called to active duty for a period not to exceed one year. This case is in its beginning stages and discovery has not even begun. Defendant Bunn has been given sufficient notice of this litigation to be able to assist his counsel in representing his interests by participating in the discovery process while Officer Bunn is away. Defendant Bunn's term of service will be over well before this case goes to trial. Moreover, Defendant Bunn will not be prejudiced by the Plaintiffs conducting discovery on the other parties in this case.

This 27th day of February, 2003.

Respectfully submitted,

*(signature)*

Hezekiah Sistrunk, Jr., Esq.
Georgia State Bar No.: 649413
Shean D. Williams, Esq.
Georgia State Bar No.: 764139
Audrey M. Tolson, Esq.
Georgia State Bar No.: 714321

Attorney for Plaintiffs

COCHRAN, CHERRY, GIVENS,
SMITH & SISTRUNK, P.C.
The Candler Building
127 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30303
404-222-9922