ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 2 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JOHN ARNOLD and MONESIA YOUNGBLOOD, Individually and as Co-Administrators of the Estate of COREY WARD, Deceased,<br><br>    Plaintiffs<br><br>vs.<br><br>RAYMOND S. BUNN, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; TERRY L. MULKEY, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; RICHARD PENNINGTON, Individually and in his Official Capacity as Chief of Police of the City of Atlanta Police Department; CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and JOHN DOES, Nos. 1 through 3,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action File No.<br>1:03-CV-0087-CAP |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY RAYMOND S. BUNN, IN HIS INDIVIDUAL CAPACITY

Defendant, Raymond S. Bunn, in his individual capacity hereby submits this his Memorandum of Law in Support of Motion for Summary Judgment in his Individual Capacity as follows:

-1-

## I.   FACTUAL SUMMARY

Atlanta Police Officers Raymond S. Bunn and Terry L. Mulkey were assigned to the city's Zone 2 Crime Reduction Unit. (Bunn Aff. ¶ 5). At about 3:00 o'clock a.m., Officer Mulkey saw and Bunn heard glass breaking in the parking lot of a closed business near Peachtree and Shadowlawn. (*Id*. ¶¶ 6-7). They saw a suspect wearing a white top emerge from a car through a broken window and run across the lot toward a waiting Chevrolet Tahoe. (*Id*. ¶¶ 7-8).

The officers pulled into the parking lot, activated their emergency equipment including blue lights and wig-wag headlights, and attempted to stop the suspect and Tahoe. (*Id*. ¶¶ 9-11, 26). The suspect on foot jumped into the passenger side of the Tahoe, the driver quickly backed up, spun around started toward the officers and briefly stopped. (*Id*. ¶¶ 12-14). Without warning the Tahoe's driver then rapidly accelerated, spinning its tires, and drove directly toward the officers. Officer Bunn attempted to jump out of the way but was struck by the Tahoe and injured. (*Id*. ¶¶ 15-22, 27). As he was being struck and briefly pinned between the Tahoe and the police car, Officer Bunn fired his city-issued service weapon, stopping and killing the Tahoe's driver, later identified as Corey Ward, plaintiffs' decedent. (*Id*. ¶¶ 18-22, 24).

The Tahoe then rolled to a stop, other officers arrived and arrested the original suspect who broke into the car, and other passengers of the Tahoe. (*Id.* ¶ 21.)

Officer Bunn suffered a leg injury as a result of being struck by Ward, and was transported from the scene to a hospital. He later required physical therapy and eventually orthoscopic surgery as a result of being run down by Ward. (*Id.* ¶¶ 22, 24, 27; Renfroe Dep. p. 11).

On or about December 11, 2002, plaintiffs filed their complaint against Officers Bunn, Mulkey and the other defendants in the State Court of Fulton County alleging violations of the Forth, Fifth, and Fourteenth Amendments as well as a host of state law torts. The action was removed to U.S. District Court for the Northern District of Georgia by the defendants.

## II.  ARGUMENT AND CITATIONS OF AUTHORITY

### A.  **Officer Bunn is entitled to qualified immunity.**

Summary Judgment should be granted to Officer Bunn because he is entitled to qualified immunity from each of Plaintiffs' claims.

Pursuant to the qualified immunity doctrine, "government officials performing discretionary functions[1] generally are shielded from liability for civil damages insofar

---

[1] Plaintiffs' allegations make clear that Officer Bunn was acting within the scope of his discretionary authority at the time the allegedly wrongful acts occurred, as he was on duty performing law enforcement activities at all relevant times hereto,  Wood v. Kesler, 323 F.3d 872, 877 (11ᵗʰ Cir. 2003). cert. denied 124 S. Ct. 298. ("Here it is clear the Trooper Kesler was acting within the course and scope of his discretionary authority when he charged and arrested Wood.";  Lee v.

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, (1982).

In an excessive force case, "qualified immunity applies unless application of the standard would inevitably lead every reasonable officer…to conclude the force was unlawful." Post v. City of Ft. Lauderdale, 7 F. 3d 1552, 1559 (11th cir. 1993), modified 14 F. 3d 583 (11th Cir. 1994).

In evaluating qualified immunity, courts "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609 (1999); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).

Plaintiffs appear to raise two federal claims against Officer Bunn. First, that Officer Bunn used excess force on Ward in violation of the Fourth and Fourteenth Amendments ; and used racial profiling in the process.   Officer Bunn vehemently denies this. (Bunn Aff .¶¶ 23, 28).

---

Ferraro, 284 C. 3d 1188, 1194 (11th Cir. 2002). ("In this case, there can be no doubt that [defendant officer] was acting within his discretionary authority when he arrested [plaintiff]."); Hutton v. Strickland, 919 F. 2d 1531, 1537-38 (11th Cir. 1990) ("The objective circumstances make apparent that the officers and Sheriff… were acting well within their discretionary authority when the [plaintiffs] were arrested, and subsequently, their truck was searched.")

For the reasons discussed below, Officer Bunn respectfully maintains he is entitled to qualified immunity as to each of Plaintiffs' claims.

      B.    <u>Plaintiffs Cannot Establish That Officer Bunn Violated Corey Ward's Constitutional Rights At All</u>

      1.    <u>Plaintiffs Cannot Prevail on Their Fourth and Fourteenth Amendment Claims</u>

Officer Bunn was constitutionally permitted to use deadly force when his life was threatened by Ward's actions.  Accordingly, summary judgment is warranted on Plaintiffs' excessive force claims.  In the recent opinion of <u>Brosseau v. Haugen,</u> U.S. \_\_\_, 125. S. Ct. 596 (2004), the Supreme Court reversed and remanded a denial of qualified immunity to a police officer who, while attempting to arrest a suspect, shot him in the **back** as he was driving away from her in a truck. ( ***Id***. at 598). [Emphasis added].  The Court held that the issue presented was governed by <u>Tennessee v. Garner</u>, 471 U.S. 1 ... and  <u>Graham v. Conner</u>, 490 U.S. 386... "[S]pecifically, with regard to deadly force, we explained in <u>Garner</u> that it is unreasonable for an officer to "seize an unarmed, non-dangerous suspect by shooting him dead." <u>471 U.S. at 11, 105 S. Ct. 1694</u>. But [w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly

force." *Id*. The court further emphasized the standard of <u>Saucier v. Katz</u>, 533 U.S. at 206, 121 S. Ct. 2151 as follows:  Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted. <u>Saucier v. Katz</u>, 533 U.S. at 206, 121 S. Ct. 2151 (qualified immunity operates "to protect officers from the sometimes "hazy" border between excessive and acceptable force"). Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct.  If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burden of litigation.  *Id.* at 596.

### B.  Officer Bunn had probable cause to arrest Ward and his Passenger

A crucial inquiry is whether Officer Bunn had probable cause, or arguable probable cause for qualified immunity purposes, to arrest Plaintiffs' decedent, Corey Ward and his fleeing passenger.  See <u>Wood v. Kesler</u>, 323 F. 3d 872 at 11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest."; see Id. At 883 ("To receive qualified immunity protection, an officer need not have actual probable cause but only arguable probable cause.") *Id*. (internal citation and quotations omitted).

-6-

In fact, because only arguable probable cause is needed for qualified immunity, "the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed. " *Id*. at 883.   Even police officers "who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Hunter v. Bryan, 502 U.S. 224, 227 (1991).

Here, Officer Bunn undoubtedly had, at least arguable if not actual, probable cause to arrest Ward for the state law charge of Aggravated Felony Obstruction of Officer.   Additionally, the officers had probable cause to arrest the fleeing passenger for Entering Automobile. [2]   It is beyond dispute that a motor vehicle can be used as a deadly weapon,  Thomas vs. State, 255 Ga. App. 777 (567 S.E. 2d 72) (2002) (vehicle accelerated at officer trying to make a traffic stop).  See Butler v. State, 196 Ga. App. 706  (396 S.E. 2d 916 (1990) (although automobile is not a per se deadly

---

[2] Under Georgia Law the crime of Aggravated Assault is committed when "a person.... Assaults with the intent to murder... [or] with a deadly weapon or with any object, devise or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury..." O.C.G.A. §16-5-21.  The crime of Obstruction of Officer is set forth as follows:  "(b) Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years."  O.C.G.A. §16-10-24(b).  "If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or , in the discretion of the trial judge, as for a misdemeanor".  O.C.G.A. §16-8-18.

weapon, it may become one depending on the manner and means of the vehicle's use).

Accordingly, summary judgment in favor of Officer Bunn is warranted on all Plaintiffs' claims.

     1.   Plaintiffs Cannot Prevail on Her Pendant State Law Claims

Officer Bunn is clearly entitled to official immunity arising from state law from plaintiffs' tort claims. While public employees may be personally liable for ministerial acts taken within the scope of their official authority, they are immune from personal liability for discretionary acts taken within that authority, unless such acts are performed with malice or an intent to injure. Reese v. City of Atlanta, 261 Ga. App. 761 (583 S.E. 2d 584) (2003). "The rationale of the immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight." Cameron v. Lang, 274 Ga. 122, 123 (549 S.E. 2d 341) (2001). Plaintiffs' have proven no actual malice.

     C.   **Plaintiffs Cannot Show Officer Bunn Violated Clearly Established Law**

As set forth above, the undisputed evidence and well settled case law governing this case shows that Officer Bunn alleged actions did not result in any constitutional violation. Nevertheless, even assuming that Officer Bunn's alleged

conduct resulted in actual deprivations of Plaintiff's constitutional rights, summary judgment is warranted as the law supporting its existence was not clearly established prior to Officer Bunn's alleged conduct.

As the Supreme Court recently reiterated, "[f]or a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (internal citations and quotations omitted).  Indeed, government officials must have "fair and clear warning" that their conduct violated a constitutional right before they lose their shield of qualified immunity.  Thomas v. Roberts, 323 F. 3d 950 at 953 (11th Cir. 2003) (citing Hope, 536 U.S. at 746).

Furthermore, the Supreme Court has held that a "necessary concomitant" to the question of whether a plaintiff has alleged a violation of a clearly established federal right is "the determination of whether the plaintiff has asserted a violation of a constitutional right at all."    Siegert v. Gilley, 500 U.S. 226, 232 (1991).  If a defendant has not violated the law at all, he certainly has not violated clearly established law.  See GJR Investments, Inc. v. County of Escambia, 132 F. 3d 1359, 1366-67 (11th Cir. 1998).

The Supreme Court has recognized that the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical

coercion or threat thereof to effect it." <u>Graham v. Conner</u>, 490 U.S. 386, 396 (1989). Consequently, in applying the "objective reasonableness" standard, the court must pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Furthermore, the officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* Finally, the "calculus of reasonableness must embody allowance for the fact that police officers are often force to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving-- about the amount of force that is necessary in a particular situation." *Id.* at 396-397.

Based upon these guidelines, the assessment of a police officer's use of force is a highly factual inquiry. When determining whether an officer's use of force was objectively reasonable, a court should consider "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." <u>Moore v. Gwinnett County</u>, 967 F.2d 1495, 1498 (11th Cir. 1992) (quoting <u>Leslie v. Ingram</u>, 786 F.2d 1533, 1536 (11th Cir. 1986)). The plaintiff bears the burden of establishing each of these elements.

III.   CONCLUSION

For all the foregoing reasons, the Court should grant Officer Bunn's Motion

for Summary Judgment as to all of Plaintiff's claims.

Respectfully submitted,

DONALD C. ENGLISH
Attorney for Raymond S. Bunn
In his Individual Capacity
Georgia Bar No. 248875

Donald C. English, LLC
1900 Brannan Road
McDonough, GA 30253-4310
(770) 389-5391

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN ARNOLD and MONESIA YOUNGBLOOD, Individually and as Co-Administrators of the Estate of COREY WARD, Deceased, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) Civil Action File No. ) <u>1:03-CV-0087-CAP</u> ) |
| RAYMOND S. BUNN, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; TERRY L. MULKEY, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; RICHARD PENNINGTON, Individually and in his Official Capacity as Chief of Police of the City of Atlanta Police Department; CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and JOHN DOES, Nos. 1 through 3, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## <u>CERTIFICATE OF FONT AND POINT SELECTIONS</u>

This is to certify that the foregoing brief was prepared pursuant to

LR 7.1(D), ND Ga., with Times New Roman font in 14 point.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN ARNOLD and MONESIA YOUNGBLOOD, Individually and as Co-Administrators of the Estate of COREY WARD, Deceased, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) Civil Action File No. ) <u>1:03-CV-0087-CAP</u> ) |
| RAYMOND S. BUNN, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; TERRY L. MULKEY, Individually and in his Official Capacity as a Police Officer of the City of Atlanta Police Department; RICHARD PENNINGTON, Individually and in his Official Capacity as Chief of Police of the City of Atlanta Police Department; CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and JOHN DOES, Nos. 1 through 3, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the within and

foregoing   **<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR</u>**

**<u>SUMMARY JUDGEMENT BY RAYMOND S. BUNN, IN HIS INDIVIDUAL</u>**

**<u>CAPACITY</u>** on counsel for the Plaintiffs by depositing the same in the United States

mail, with adequate postage affixed thereto, addressed to her attorneys of record:

Shean D. Williams, Esq.
Cochran, Sherry, Givens, Smith & Sistrunk, P.C.
127 Peachtree Street, Suite 800
Atlanta, Georgia 30303

and to co-defendants City of Atlanta, et al., by depositing the same in the

United States mail, with adequate postage affixed thereto, addressed to their

attorneys of record:

Serena Sparks, Esq.
Sr. Assistant City Attorney
68 Mitchell Street, S.W.
Suite 4100
Atlanta, Georgia 30335-0332

This _21st_ day of March, 2005.

Respectfully submitted,

DONALD C. ENGLISH
Attorney for Raymond S. Bunn
In his Individual Capacity
Georgia Bar No. 248875

Donald C. English, LLC
1900 Brannan Road
McDonough, GA 30253-4310
(770) 389-5391