FILED IN CHAMBERS
4-26-05
Luther D Thomas, Clerk
RMartin
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN ARNOLD, et al., | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 1:03-CV-0087-CAP |
| RAYMOND S. BUNN, et al. | |
| Defendants. | |
| | |
| RODRIQUEZ BROWN, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:04-CV-1949-TWT |
| RAYMOND S. BUNN, et al. | |
| Defendants. | |
| | |
| JASON SMITH, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:04-CV-1971-RWS |
| RAYMOND S. BUNN, et al. | |
| Defendants. | |
| | |
| MELVIN HEATH et al., | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 1:04-CV-2221-BBM |
| RAYMOND S. BUNN, et al. | |
| Defendants. | |

O R D E R

The above captioned cases were consolidated for purposes of discovery by order of this court on September 13, 2004 [Doc. No. 34], and are now before the court on defendant Raymond S. Bunn's motion for summary judgment in his individual capacity [Doc. No. 45]; the plaintiffs' motion for an extension of time to file a response to Bunn's motion for summary judgment [Doc. No. 49-1]; the plaintiffs' motion for extension of time to complete discovery [Doc. No. 49-2]; the plaintiffs' motion to compel the Fulton County District Attorney's Office to comply with a subpoena [Doc. No. 50]; and the plaintiffs and Bunn's joint stipulation for an extension of time to object and respond to the motion for summary judgment [Doc. No. 51].

## Statement of Facts

This case involves the shooting death of Corey Ward by Atlanta Police Officer Raymond Bunn on July 14, 2002. Due to the nature of the shooting and the surrounding circumstances, the Fulton County District Attorney's Office took control of the scene and the investigation of the matter immediately following the shooting. Since July 14, 2002, the Fulton County District Attorney's Office has maintained full custody and control over the file of Corey Ward that contains the results of the investigation as well as information concerning expert witnesses and forensic personnel

whose services were used during the course of the investigation of the shooting. The District Attorney's Office has refused to allow any of the parties to examine this file. All of the parties to this action have been hindered from completing discovery due to being denied access to this information and evidence.

On December 8, 2004, a subpoena was issued to Paul Howard, Fulton County District Attorney, seeking the production of the investigation file. While no objection has been made to the subpoena, the documents and materials that are the subject of the subpoena have not been made available for inspection. Consequently, the parties in this action have had to continuously extend discovery in this matter, and the parties have not been afforded an opportunity to complete discovery.

## Analysis

The subpoena was issued on December 8, 2004. The Fulton County District Attorney's Office has thus far failed to produce the investigation file for inspection or, in the alternative, object to the subpoena. The court notes that the defendants have not opposed the motion to compel, and, in the April 25, 2005, hearing this court held, the defendants indicated that they too need to review the investigation file. Thus, the court finds that all of the parties involved need to be able to examine the investigation file in order to complete discovery and proceed with

this case. Accordingly, the court grants the plaintiffs' motion to compel [Doc. No. 50] as follows. The Fulton County District Attorney's Office is directed to produce the investigation file for examination within 30 days of the entry of this order or to show cause as to why it should not be required to produce the file. In order to give the parties ample time to examine the investigation file and conduct any related discovery, the court extends the discovery period through September 31, 2005. Accordingly, the plaintiffs' motion for an extension of time to complete discovery [Doc. No. 49-2] is dismissed as moot.

As for the motion for summary judgment, "[t]he law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997) (citing Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870-71 (11th Cir. 1988)). Given that the plaintiffs have not been able to gain access to the investigation file of the Fulton County District Attorney's Office, the court finds that Bunn's motion for summary judgment is premature. Thus, the court dismisses the motion without prejudice [Doc. No. 45]. The court notes that it is not deciding the motion on the merits and Bunn may file the identical motion, or an alternative one, at some later date. The court notes

that the appropriate time for filing motions for summary judgment is at the close of discovery. Given that the motion for summary judgment is no longer pending, the plaintiffs' motion for an extension of time to file a response to Bunn's motion for summary judgment [Doc. No. 49-1] and the plaintiffs and Bunn's joint stipulation for an extension of time to object and respond to the motion for summary judgment [Doc. No. 51] are dismissed as moot.

Plaintiff Arnold's attorney is directed to serve a copy of this order upon Paul Howard personally and to file proof of such service with this court within ten days of the service of this order.

### Conclusion

For the foregoing reasons, the court hereby:

1) DISMISSES WITHOUT PREJUDICE defendant Raymond S. Bunn's motion for summary judgment in his individual capacity [Doc. No. 45];

2) DISMISSES AS MOOT the plaintiffs' motion for an extension of time to file a response to Bunn's motion for summary judgment [Doc. No. 49-1];

3) DISMISSES AS MOOT the plaintiffs' motion for extension of time to complete discovery [Doc. No. 49-2];

4) GRANTS the plaintiffs' motion to compel the Fulton County District Attorney's Office to comply with a subpoena [Doc. No. 50] pursuant to the terms set forth above; and

5) DISMISSES AS MOOT the plaintiffs and Bunn's joint stipulation for an extension of time to object and respond to the motion for summary judgment [Doc. No. 51].

SO ORDERED, this 26 day of April, 2005.

CHARLES A. PANNELL, JR.
United States District Judge