[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11470
Non-Argument Calendar
_____

D. C. Docket No. 1:03-cv-00087-CAP

JOHN ARNOLD,
MONESIA YOUNGBLOOD,
Individually and as Co-Administrator
of the Estate of Corey Ward, Deceased,

                                                          Plaintiffs-Counter
                                                          Defendants-Appellees,

versus

RAYMOND S. BUNN,
Individually and in his official capacity
as a Police Officer of the City of Atlanta
Police Department,

                                                          Defendant-Counter
                                                          Claimant-Appellant,

CITY OF ATLANTA,
a municipal corporation of the State
of Georgia,

                                                          Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(May 9, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

In this civil rights case, Officer Raymond Bunn appeals[1] the district court's denial of his motion for summary judgment on the basis of qualified immunity and official immunity.[2] In the early morning of July 14, 2002, Bunn and Officer Terry Mulkey allegedly observed Jamal Smith breaking into a car in a parking lot in Atlanta. After the alleged crime, Smith got into an SUV with five other people, including the driver, Corey Ward. Bunn fired two shots at the SUV as it was exiting the parking lot. These shots struck and killed Corey Ward. According to Bunn, he was in fear for his life when he shot Ward. John Arnold and Monesia Youngblood, individually and as co-administrators of the Estate of Corey Ward (Appellees) brought a 42 U.S.C. § 1983 action, alleging Bunn fired his gun at

---

[1] Although the City of Atlanta also appeals the district court's denial of qualified immunity to Bunn, as a municipality sued in its official capacity it has no right to immediate interlocutory appeal from a denial of qualified immunity as it cannot assert such a defense.

[2] We affirm the district court's conclusion that Bunn is not entitled to official immunity under Georgia law on the basis of its well-reasoned discussion of this issue.

Ward's vehicle when it had already passed Bunn and the vehicle was not a danger or threat to Bunn, or his partner, Mulkey.

After thorough review,[3] we affirm the district court's conclusion that Bunn is not entitled to qualified immunity. "Qualified immunity does not apply where the facts show that the official violated the plaintiff's constitutional rights and where the law clearly established those rights at the time of the alleged misconduct." *Morton v. Kirkwood*, 707 F.3d 1276, 1281 (11th Cir. 2013).

We analyze this claim "under the Fourth Amendment's objective reasonableness standard." *Terrell v. Smith*, 668 F.3d 1244, 1250 (11th Cir. 2012) (quotations omitted). Viewing the evidence in the light most favorable to the Appellees, as we must at this stage of the proceedings,[4] *see Morton*, 707 F.3d at 1280, Bunn was beside the SUV at the time of the shooting, the vehicle was not being driven at a high rate of speed, was not accelerating or heading toward any person either prior to or during the shooting, and was not being used as a deadly weapon. *See Terrell*, 668 F.3d at 1255. An objectively reasonable officer would not have used deadly force under these circumstances, and therefore Bunn's actions violated Ward's clearly established Fourth Amendment right to be free

---

[3] "We review a district court's denial of summary judgment on qualified immunity grounds de novo." *Morton v. Kirkwood*, 707 F.3d 1276, 1280 (11th Cir. 2013).

[4] "We acknowledge that the facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." *Morton*, 707 F.3d at 1280 (quotations omitted).

3

from excessive force. *See Tennessee v. Garner*, 471 U.S.1, 11 (1985) (holding a police officer can use deadly force to prevent the escape of a fleeing non-violent felony suspect only when the suspect poses an immediate threat of serious harm to the police officer or others); *Morton*, 707 F.3d at 1282-83.

Thus, we affirm the district court's denial of qualified immunity to Bunn.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 09, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-11470-CC
Case Style: John Arnold, et al v. Raymond Bunn
District Court Docket No: 1:03-cv-00087-CAP

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs